DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Rudolph Bilder, appeals from his conviction and sentence in the Akron Municipal Court for various Akron Environmental Health Housing Code violations. We affirm.
 {¶ 2} In September 2002, the City of Akron Health Department Housing Division commenced a series of inspections of Mr. Bilder's home located at 1002 Inman Street, in Akron, Ohio, of which Mr. Bilder is the sole owner. Sanitarian Treva Costillo found numerous violations of the Akron Environmental Health Housing Code, and she referred the case to the Special Projects Division of the Akron Health Department to secure the home because she had discovered an unsecured door during her inspection. Mr. Bilder was not at home at the time. Costillo posted a notice to comply and to secure the property on the home that specified the violations found. The Housing Division provided Mr. Bilder with an order to comply, via regular mail and certified mail. The certified mail notice was returned unclaimed.
 {¶ 3} In November 2002, Costillo re-inspected the premises' exterior and discovered that Mr. Bilder had not complied with previous orders. The Health Department sent a notice of an administrative hearing to be held on December 3, 2002, and requested Mr. Bilder's appearance. The notice also stated that failure to appear at the administrative hearing "may result in an administrative fine and/or prosecution under the provisions of the Environmental Health Housing Code." However, Mr. Bilder failed to appear at the hearing. The Health Department then sent Mr. Bilder a notice of extension of time to comply with the previous orders, expressly informing him of the criminal penalty repercussions that could result from his noncompliance.
 {¶ 4} In May 2003, Costilla and Sanitarian Duane Gregor arrived at the home to re-inspect Mr. Bilder's property, and this time Mr. Bilder was present. Pursuant to Mr. Bilder's consent, they inspected the interior of the home and found numerous violations. Costillo found the interior to be, among other things, "extremely unsanitary." Costillo verbally informed Mr. Bilder of the violations and posted a notice of violations on the home. Mr. Bilder argued with the sanitarians and tore down the condemnation notice. A new order was mailed to Mr. Bilder. This new order specified the interior violations as well as the exterior violations from the previous orders, condemned the property, and ordered Mr. Bilder to vacate the premises by May 29, 2003. Mr. Bilder's attorney, Thomas Loepp, acknowledged Mr. Bilder's receipt of the order in a letter dated May 21, 2003.
 {¶ 5} In December 2003, Costillo inspected the exterior of the home again, finding noncompliance. In a letter dated December 18, 2003, the Akron Health Department informed Mr. Bilder that if he did not "make substantial progress towards compliance of the
orders by January 2, 2004[,] this matter will be turned over to the Law Department with a recommendation to proceed with criminal prosecution for failure to comply with the Environmental Housing Code." Mr. Bilder did not respond to this notice.
 {¶ 6} On February 11, 2004, Costillo obtained a search warrant for Mr. Bilder's home and conducted a search of the interior and exterior of the home; Costillo obtained access to the interior through an unlocked side door. Costillo once again found Mr. Bilder not in compliance with previous orders.
 {¶ 7} Mr. Bilder was charged with 11 violations of the Akron Environmental Health Housing Code, all third-degree misdemeanors. Specifically, Mr. Bilder was charged with violations of Akron Environmental Health Housing Code Section 150.09(E)(1), Light, Ventilation, Electricity and Heating; Sections 150.10(A)(1), (A)(3)-(5), (A)(7), (C), and (D), General Maintenance; Sections 150.12(C) and (E), Responsibility of Owners and Occupants; and Section 150.16, Vacating Unfit Dwellings or Premises.
 {¶ 8} On December 7, 2004, a bench trial was held. Photographs taken of the home were admitted into evidence at trial. During trial, Mr. Bilder admitted that the pictures were an accurate representation of his home. Mr. Bilder also admitted to the existence of certain violations and that he had not complied with the orders to repair or vacate the premises. Mr. Bilder also admitted that he was still living in the home in February 2004.
 {¶ 9} The trial court found Mr. Bilder guilty as charged. The court sentenced Mr. Bilder to one year of incarceration at the Glenwood Jail, with 90 days suspended, and a $3,000 fine with $1,000 suspended, on the condition that Mr. Bilder not live in the home until he receives authorization from the Akron Housing Division. In determining his sentence, the court stated in its judgment that it considered the evidence presented at trial, Mr. Bilder's history of prior convictions, counsels' representations for both parties, and Mr. Bilder's own statements regarding sentencing. Because Mr. Bilder had two previous convictions for health housing code violations, he was subject to mandatory minimum penalties pursuant to Environmental Health Housing Code Section 150.99. The court stayed the sentence pending appeal.
 {¶ 10} Mr. Bilder appealed to this Court, and his first counsel of record filed a "no-merit brief" pursuant to Anders v.California (1967), 386 U.S. 738, 18 L.Ed.2d 493, along with a motion to withdraw as appellate counsel. Counsel properly served a copy of the brief on Mr. Bilder. On September 12, 2005, Mr. Bilder's second appellate counsel of record filed an "Appellant's Notice of Reliance on Prior Brief," notifying this Court, that, pursuant to his own research and analysis and as well as conferring with Mr. Bilder, he would rely on first counsel'sAnders brief. Although second counsel did not request to withdraw, this Court subsequently issued a journal entry on September 19, 2005 noting that it would consider counsel's September 12, 2005 notice filing as a motion to withdraw. Thereafter, the City of Akron acknowledged receipt of theAnders brief and its intention not to file a brief in response because it was in agreement with and could not dispute the arguments raised in the brief.
 {¶ 11} Mr. Bilder has not otherwise offered any arguments to support a reversal of his conviction and/or sentence in this case. Upon our own full, independent examination of the record before this Court, we find that there are no appealable, non-frivolous issues in this case. See State v. Lowe (Apr. 8, 1998), 9th Dist. No. 97CA006758, at *2. Furthermore, as this Court construed appellate counsel's September 12, 2005 filing as a motion to withdraw as counsel, we hereby grant the motion.
 {¶ 12} The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Moore, J. concur.